**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

SIMON PEDRO MORALES,
a/k/a SIMON PEDRO MORALES, JR.

Debtor.
_____ /

Case No. 13-31552-JKO
Chapter 7

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

  Plaintiff,
v.

INGRID MORALES, SHIRLEY MORALES a/k/a
SHIRLEY AUSTIN, CHRISTINE LEHMAN,
RICARDO MORALES, UNKNOWN PERSON(S)
IN POSSESSION, and ALL OTHER UNKNOWN
PERSONS, claiming, by, through, under or against
the Debtor, Simon Pedro Morales a/ka/a Simon
Pedro Morales, Jr.,

  Defendants.
_____/

Adv. No. 14-

## COMPLAINT TO AUTHORIZE TRUSTEE TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(H)

Plaintiff, Kenneth A. Welt, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for Simon Pedro Morales a/k/a Simon Pedro Morales, Jr. (the "Debtor"), by and through counsel, and pursuant to 11 U.S.C. §363(h) of the United States Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure, sues Defendants, Ingrid Morales, Shirley Morales a/k/a Shirley Austin, Christine Lehman, Ricardo Morales, Unknown Person(s) In Possession, and All Other Unknown Persons, claiming, by, through, under or against the Debtor, Simon Pedro Morales a/ka/a Simon Pedro Morales, Jr. (collectively, the "Defendants") and states, as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. The Trustee files this Adversary Complaint seeking a determination that Plaintiff is authorized to sell the interests of the Chapter 7 Debtor, Simon Pedro Morales a/ka/a Simon Pedro Morales, Jr. ("Debtor") and Defendants in two (2) parcels of real property located in Broward County, Florida, as more particularly described herein.

2. Defendant, Ingrid Morales ("I. Morales"), is the Debtor's spouse, is a resident of Broward County, Florida, State of Florida and is otherwise *sui juris*.

3. Defendant, Shirley Morales a/k/a Shirley Austin ("S. Morales"), is the Debtor's sister, is a resident of Broward County, Florida, State of Florida and is otherwise *sui juris*.

4. Defendant, Christine Lehman ("Lehman"), is the Debtor's mother-in-law, is a resident of Broward County, Florida, State of Florida and is otherwise *sui juris*.

5. Defendant, Ricardo Morales ("R. Morales"), is the Debtor's brother, is a resident of Broward County, Florida, State of Florida and is otherwise *sui juris*.

6. The Defendants, which include any Unknown Person(s) In Possession and All Other Unknown Persons are, upon information and belief, residents of Broward County, State of Florida and are otherwise *sui juris*.

7. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed. R. Bankr. P. 7008(a).

8. Venue is proper in this district pursuant to 28 U.S.C. §1409.

## GENERAL ALLEGATIONS

9. On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code in the above-referenced

bankruptcy proceeding (the "Bankruptcy Case").

10.     Additionally, on the Petition Date, the Debtor filed his Summary of Schedules, Schedules A-J (the "Schedules") and Statement of Financial Affairs ("SOFA") listing ownership interests in certain real properties on Schedule A, as more particularly described below, which properties have not been claimed as exempt on Schedule C [Main Case, D.E. #1].

11.     The Trustee was thereafter appointed as Chapter 7 Trustee for the Debtor and, in that capacity, has the authority to prosecute this adversary case.

### A.     The Davie Property

12.     Pursuant to that certain Warranty Deed dated on March 27, 2007, the Debtor and I. Morales are the joint owners of the subject real property located at 3560 Birch Terrace, Davie, Florida (the "Davie Property"). The Defendant, I. Morales, resides and claims some right, title and interest in the Davie Property.

13.     According to the Schedules, the Davie Property has a market value of $900,000.00 for which Select Portfolio Servicing, Inc. ("Select Portfolio") possesses a first mortgage lien on the Davie Property in an amount exceeding $1,317,678.00.[1]

14.     Currently, both Lehman and R. Morales reside at the Davie Property (together with the Debtor and I. Morales) and may claim some right, title and interest in this property. However, as of the Petition Date, the Trustee has no knowledge and is unaware of any legal, beneficial and/or equitable interest that any of the Defendants, except for I. Morales, are entitled to claim in the Davie Property adverse to the Trustee and/or the estate.

---

[1] Select Portfolio is the servicing agent for U.S. Bank National Association as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WAMU Mortgage Pass-Through Certificates Series 2007-OA4 Trust.

B.    **The Pembroke Pines Property**

15.    Pursuant to that certain Quit Claim Deed dated on January 2, 2004, the Debtor and I. Morales, as grantors, transferred one-half of their joint interest (as husband and wife) in the subject real property located at 19936 SE 3rd Place, Pembroke Pines, Florida (the "Pembroke Pines Property") to Defendant, S. Morales. As a result of this transfer, the Debtor, I. Morales and S. Morales own the Pembroke Pines Property as joint tenants with rights of survivorship.

16.    The Debtor has testified at his Rule 2004 Examination conducted in the Bankruptcy Case on January 14, 2014, that S. Morales paid the sum of $25,000.00 for her interest in the Pembroke Pines Property transfer. However, there is no contract for sale or other written agreement memorializing any sale price for the transfer of the Debtor's interest in this property.

17.    Further, according to the Schedules, the Pembroke Pines Property has a market value of $299,540.00 for which Select Portfolio possesses a first mortgage lien on the Pembroke Pines Property in an amount exceeding $322,387.00.[2] In addition, the Schedules reflect an additional mortgage lien on the property in the amount of $213,099.00.

18.    S. Morales currently resides at the Pembroke Pines Property and claims a right, title and interest in this property. However, as of the Petition Date, the Trustee has no knowledge and is unaware of any legal, beneficial and/or equitable interest that any of the Defendants, except for I. Morales and S. Morales, are entitled to claim in the Pembroke Pines Property adverse to and against the Trustee and/or the estate.

## APPLICABLE LAW

19.    11 U.S.C. §363(h) provides, in relevant part:

. . . the trustee may sell both the estate's interest . . . and the

---

[2] Select Portfolio is the servicing agent for Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH1 Asset Backed Pass-Through Certificates, Series 2007-CH1.

>> interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only in –
>
>> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
>> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interest of such co-owners;
>
>> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
>> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

20. The Trustee has complied with all conditions precedent to filing this Adversary Complaint.

### COUNT I – ACTION TO SELL THE DAVIE PROPERTY

21. The Trustee re-states and re-alleges paragraphs 1 through 20, as if fully set forth herein.

22. As of the Petition Date, the Debtor held an undivided interest in the Davie Property with I. Morales.

23. There is no equity in the Davie Property nor has the Debtor claimed this property as exempt on Schedule C.

24. The Trustee has received an offer from Select Portfolio to purchase the Davie Property, by way of credit bid pursuant to 11 U.S.C. § 363(k), in addition to (i) a carevout from Select Portfolio's collateral and/or surcharge for the Debtor's estate in the amount of $10,000.00 (the "Davie Carveout") and (ii) a waiver of any of Select Portfolio's claims against the estate, including with respect to any deficiency claim.

25. In conjunction with the Credit Bid, ten (10%) percent of the Davie Carveout will be set aside for the benefit of unsecured creditors of the estate. In addition, five (5%) percent of the Davie Carveout will be set aside for the benefit of the Bankruptcy Bar Foundation, which is the non-profit organization that funds the pro bono activities of the Bankruptcy Bar Association.

26. The Defendants, S. Morales, the Unknown Person(s) In Possession and All Other Unknown Persons hold no legal, beneficial and/or equitable interest in the Davie Property adverse to and against the Trustee and/or the estate, which is superior to the interest of Plaintiff.

27. Partition in kind of the Davie Property among the estate and I. Morales, including any of the other Defendants, is impracticable.

28. Based on, among other things, the lack of equity in the Davie Property, the sale of the of the estate's undivided interest in the Davie Property would realize significantly less for the estate than sale of the Davie Property free of the interest of the Debtor and I. Morales.

29. The benefit to the estate of a sale of the Davie Property free of the interests of co-owners outweighs the detriment, if any, to the co-owners. The sale will generate funds that would not otherwise be available due to the extent of the liens on the property.

30. The Davie Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE**, Plaintiff, Kenneth A. Welt, Chapter 7 Trustee, demands the entry of judgment against the Defendant, Ingrid Morales (i) authorizing the Trustee to sell the interest of the Debtor and I. Morales, and each of the other Defendants, if any, in the Davie Property pursuant to 11 U.S.C. § 363(h) and (ii) awarding any other relief the Court deems appropriate.

## COUNT II – ACTION TO SELL THE PEMBROKE PINES PROPERTY

31. The Trustee re-states and re-alleges Paragraphs 1 through 20, as if fully set forth

herein.

32. The Debtor, I. Morales and S. Morales are the joint owners with rights of survivorship of the Pembroke Pines Property.

33. There is no equity in the Pembroke Pines Property nor has the Debtor claimed this property as exempt on Schedule C.

34. The Trustee has received an offer from Select Portfolio to purchase the Pembroke Pines Property, by way of credit bid pursuant to 11 U.S.C. § 363(k), in addition to (i) a carevout from Select Portfolio's collateral and/or surcharge for the Debtor's estate in the amount of $10,000.00 (the "Pines Carveout") and (ii) a waiver of any of Select Portfolio's claims against the estate, including with respect to any deficiency claim.

35. In conjunction with the Pines Credit Bid, ten (10%) percent of the Pines Carveout will be set aside for the benefit of unsecured creditors of the estate. In addition, 5% of the Pines Carveout will be set aside for the benefit of the Bankruptcy Bar Foundation, which is the non-profit organization that funds the pro bono activities of the Bankruptcy Bar Association.

36. As of the Petition Date, the Debtor held an undivided interest in the Pembroke Pines Property with I. Morales and S. Morales. Further, the Defendants, consisting of the Unknown Person(s) In Possession and All Other Unknown Persons hold no legal, beneficial and/or equitable interest in the Pembroke Pines Property adverse to and against the Trustee and/or the estate, which is superior to the interest of Plaintiff.

37. Partition in kind of the Pembroke Pines Property among the estate, I. Morales and S. Morales, including any of the other Defendants, is impracticable.

38. Based on, among other things, the lack of equity in the Pembroke Pines Property, the sale of the of the estate's undivided interest in the Pembroke Pines Property would realize

significantly less for the estate than sale of the Pembroke Pines Property free of the interest of the Debtor, Ingrid and Shirley.

39. The benefit to the estate of a sale of the Pembroke Pines Property free of the interests of co-owners outweighs the detriment, if any, to the co-owners. The sale will generate funds that would not otherwise be available due to the extent of the liens on the property.

40. The Pembroke Pines Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE**, Plaintiff, Kenneth A. Welt, Chapter 7 Trustee, demands the entry of judgment against the Defendants, Ingrid Morales and Shirley Morales, a/k/a Shirley Austin, (i) authorizing the Trustee to sell the interest of the Debtor, I. Morales and S. Morales, and each of the other Defendants, if any, in the Pembroke Pines Property pursuant to 11 U.S.C. §363(h) and (ii) awarding any other relief the Court deems appropriate.

**Dated on this  24th  day of January, 2014.**

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        *Counsel for Plaintiff and Chapter 7 Trustee*
        Miami Tower, 44th Floor
        100 S.E. Second Street
        Miami, Florida 33131
        Tel.: (305) 349-2300
        Fax.: (305) 349-2310

        By: /s/ Glenn D. Moses
           Glenn D. Moses, Esq.
           Florida Bar No. 174556
           Email: gmoses@gjb-law.com
           Barry P. Gruher, Esq.
           Florida Bar No. 960993
           Email: bgruher@gjb-law.com